UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LARRY BOGARTY,
                       Petitioner,

                                                     **MEMORANDUM & ORDER**

     -against-

                                                       09 CV 3711

WARDEN of MDC, Brooklyn,
                       Respondent.
-----------------------------------------------------------X
DEARIE, Chief Judge.

       On August 14, 2009, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, challenging the calculation of his federal prison sentence. He contends that the Bureau of Prisons ("BOP") failed to properly credit him for time he spent in state custody. Because petitioner failed to exhaust his administrative remedies, relief is denied.

## Background

       On September 29, 2003, in the District of Massachusetts, petitioner was sentenced to 57 months in prison and a three-year term of supervised release for violating 18 U.S.C. § 922(g) (felon in possession of a firearm). On October 27, 2006, while on supervised release, he was arrested on state charges of cocaine trafficking. Petitioner was released on bond that day, but his bond was revoked on December 8, 2006 based on a federal supervised release violation warrant. Petitioner was convicted of possession of a controlled substance in violation of Massachusetts law and sentenced to 2 years to 2 and a half years, beginning April 23, 2007. He received 136 days of credit toward that sentence for the time he was in custody between December 8, 2006 and April 22, 2007. See Resp't Opp'n, Decl. of J. R. Johnson, at ¶ 14 & Attachment 9. On March 9, 2009, petitioner was released from state custody into federal custody, and on April 9, 2009, he was sentenced to 9 months in prison and a 15 month term of supervised release for

violating the conditions of his original supervised release term. He is currently serving that federal sentence.

## Discussion

Petitioner contends that the time he served in state custody from December 12, 2006 to March 9, 2009, should be credited toward his 9 month federal sentence. He properly challenges the execution of his sentence pursuant to 28 U.S.C. § 2241. Carmona v. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (request for credit for time served prior to conviction properly addressed under § 2241); United States v. Maldonado, 138 F.Supp. 2d 328, 332 (E.D.N.Y. 2001) (§ 2241 is the "proper vehicle for review" for disputes over the BOP's assignment of credit pursuant to 18 U.S.C. § 3585). Nevertheless, relief is denied because petitioner failed to exhaust administrative remedies.

The BOP is responsible for the administration of a prisoner's sentence. See United States v. Pineyro, 112 F.3d 43, 45 (2d Cir. 1997) (BOP determines commencement of sentence, crediting, and location of confinement). The Attorney General, through the BOP, determines credits under 18 U.S.C. § 3585(b),[1] and district courts cannot compel the BOP to grant or deny credits, nor can they disregard the BOP's calculations. United States v. Whaley, 148 F.3d 205, 206-07 (2d Cir. 1998) (citing United States v. Wilson, 503 U.S. 329, 333 (1992); Pineyro, 112

---

[1] 18 U.S.C. § 3585(b) provides:
> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

2

F.3d at 45).

A prisoner may seek judicial review of BOP determinations only after exhausting all available administrative remedies. See Carmona, 243 F.3d at 634; see also Whaley, 148 F.3d at 207 (citing Wilson, 503 U.S. at 335); Pineyro, 112 F.3d at 45-46. Administrative grievance procedures for federal inmates are set forth at 28 C.F.R. §§ 542.10-.19. Petitioner has not filed any requests for relief in accordance with those procedures. See Resp't Opp'n, Decl. of J. R. Johnson, at ¶ 12.

As a result of petitioner's failure to exhaust, his claim cannot be reviewed by this Court absent a demonstration of cause and prejudice. Carmona, 243 F.3d at 634. Where "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies," the "cause and prejudice" standard may excuse the prisoner's default. Id. (recognizing several other circuits also apply the "cause and prejudice" standard to federal prisoners seeking § 2241 habeas relief who have not exhausted administrative grievance procedures). Petitioner, however, has failed to note any circumstances beyond his control that have prevented him from pursuing such remedies. Neither his alleged impending transfer to another federal facility nor his need for expeditious review because of his imminent release is sufficient cause to excuse his failure to exhaust.

Moreover, it appears that petitioner was properly denied credit under 18 U.S.C. § 3585(b) because the time he spent in custody from December 12, 2006 to March 9, 2009, was credited against his state sentence.

## Conclusion

Petitioner's application for a writ of habeas corpus is denied, and the petition is

dismissed. A certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 9 , 2009

                                          s/ Judge Raymond J. Dearie

                                          RAYMOND J. DEARIE
                                          United States District Judge